PARKER et al., Respondents, v. BRITTON, Appellant.

St. Louis Court of Appeals, November 5, 1908.

1. PRACTICE: New Trial: Discretion of Trial Court. A trial court has large discretion to grant new trials in order to accomplish justice and may order a new trial on the ground of mistake; but a trial court has no authority to award a new trial on the ground of mistake of counsel of the defeated party, where such mistake was a matter of oversight or neglect or incompetence.

2. ———: ———: ———. Where, in an action by a real estate agent for commission for selling property, the amount recoverable depended upon the quantity and price of the property sold, the jury rendered a verdict for the plaintiff for nominal damages because plaintiff's counsel omitted to prove the quantity and price of the property sold. The court erred in granting a new trial to plaintiff on the ground of the mistake of counsel.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

REVERSED AND REMANDED (*with directions*).

*Jno. A. Boatner, Jr., Phil. H. Sheridan* and *Henry B. Davis* for appellant.

*Benj. J. Klene* and *W. H. Douglass* for respondent.

(1)  On appeal from an order granting a new trial a reversal can be had only where the order has wrought manifest injustice, or shown an unjudicial bias. Taylor v. Architectural Co., 47 Mo. App. 257. (2) "The rule is that the granting of a new trial rests peculiarly within the discretion of the trial court. (Bank v. Armstrong, 92 Mo. 265; M'Cullough v. Insurance Co., 113 Mo. 606), and in order to a reversal of its ruling in sustaining the motion in this case it devolves upon the defendants to show that they have been prejudiced thereby." Taliaferro v. Evans, 160 Mo. 389. (3) "In cases of this character this court has always refused to interfere with the discretion of the trial court in granting one new trial to a party litigant, unless the case was such that under no circumstances whatever could a verdict in favor of plaintiff be allowed to stand." Warner v. Railroad, 178 Mo. 129; Hoepper v. Hotel Co., 142 Mo. 387; Haven v. Railroad, 155 Mo. 229; Somerville v. Stockton, 178 Mo. 124. (4) "That the (trial) court had the inherent power to set aside the verdict and grant a new trial for the causes assigned in the order, independent of the motion for a new trial, is now the settled law." Milling Co. v. Transit Co., 122 Mo. 270; Hewitt v. Steele, 118 Mo. 463; Lovell v. Davis, 52 Mo. App. 342; Insurance Co. v. Goodrich, 74 Mo. App. 360. And in the Hewitt case the Supreme Court said: "In the case of Lovell v. Davis, 52 Mo. App. 342, it was held that the trial court might go still further in passing upon the question of granting a new trial, and is not confined to the grounds set out in the motion, but independent of the motion may grant a new trial for any good cause." Hewitt v. Steele, 118 Mo. 473.

GOODE, J.—This appeal was taken from an order of the circuit court granting a new trial to respondents. The action was instituted by attachment and the attachment was sustained on the ground of appellant's non-residence in this State, he being a citizen of the State of Louisiana. On August 10, 1906, he and respondents, who are also citizens of Louisiana and real estate agents, entered into a contract by which he entrusted to them the sale of the merchantable timber, cypress, cottonwood and ash, on about five thousand acres of land in that State for the price of $40,000, net to appellant, respondents to have for their commission whatever excess of that price was obtained. It was further stipulated appellant himself might deal with any party to whom respondents had not previously submitted a proposition, and in case he sold to a party whom they had introduced, their commission should be as above stated, unless the price fell below $42,500, in which contingency the commission should be five per cent of the price. The petition alleges respondents began a negotiation for the sale of the timber with C. F. Liebke, informed appellant of the fact, introduced him to the purchasing agents of Liebke, when appellant took up the negotiation in person and sold to Liebke for $31,600, whereby respondents became entitled to a commission of $1,575. In his answer appellant admitted the execution of the contract, but denied the other averments of the petition. Respondents gave proof that they, through their agent in St. Louis, drew the attention of Liebke, or rather the Liebke Hardwood Lumber Company, to the timber, and introduced Kirk, purchasing agent of said company in Louisiana, to appellant; and a letter written by appellant to respondents' attorney under date of October 30, 1906, was put in evidence from which it may be inferred appellant sold the land to the Liebke Company. At the conclusion of the testimony verdict and judgment for one cent damages were ren-

dered in favor of respondents, who filed a motion for
new trial on certain grounds we will not recite because
no point is made about them on the appeal. The mo-
tion passed over to the next term of court and was then
sustained for the reason "that the cause should be more
thoroughly presented to the court and a judgment ren-
dered for plaintiffs in a substantial sum, or for defend-
ant." Both sides concede respondents omitted to prove
the quantity of timber sold and the price received,
thereby failing to afford any way to ascertain what
amount of commission they were entitled to; that for
said omission and in order to permit proof of the
amount of the price received by appellant, the court
sustained the motion, and that the only question for
decision is whether or not this order was an abuse of
the trial court's judicial discretion. The ground on
which the new trial was granted was not one of those
assigned in the motion; but a court may, if it sees
proper, go outside the reasons for new trial assigned by
a defeated party and allow it on some other ground.
[Standard Mill Co. v. Transit Co., 122 Mo. 258, 26 S.
W. 704; Lovell v. Davis, 52 Mo. App. 342.] Our stat-
utes provide several causes for which a court may allow
a new trial; mistake or surprise of a party or his at-
torney, misdirection or mistake of a jury, a finding con-
trary to the court's direction, fraud or deceit practiced
by one party on the other and perjury of a witness.
[R. S. 1899, sec. 800.] And in this State the court is not
restricted to the cause enumerated in the statute.
[Leahy v. Dougdale, 41 Mo. 517.] But if a new trial is
allowed for one of these causes, say a mistake of counsel
as in the present case, it ought to be such a mistake as
the statute intends, and not forgetfulness or neglect.
[Fretwell v. Laffoon, 77 Mo. 26, 30.] In Bright v. Ey-
non, 1 Burr, 395, Lord MANSFIELD said the best general
rule on the subject is the one laid down by Lord PARKER

in Regina v. Helston, i. e., that a new trial should be granted for attaining the justice of the case. [See, too, U. S. v. Merchandise, 2 Sprague (U. S.) 91; 14 Ency. Pl. and Pr., 718.] Trial judges have a very wide discretion to grant new trials in order to accomplish justice, and their orders will not be reversed unless an abuse of discretion plainly appears. [Longman v. Kelly, 51 Mo. App. 572; Ensor v. Smith, 57 Mo. App. 588; Whitsett v. Ransone, 79 Mo. 258.] In view of the strong colors in which this discretion has been depicted by courts of review, our first thought was that the ruling of the court below in the present case must be approved, especially as it allowed a new trial; for appellate tribunals are less disposed to reverse orders granting new trials and thereby leaving the controversy to be examined again judicially, than orders of refusal which foreclose redress if wrong has been done. The defect of proof in this cause must be charged against respondents themselves or their attorneys, and in either event the result is the same, because the neglect of their attorneys is, in law, their own. [Beibinger v. Taylor, 64 Mo. 63, 66.] Yet our impression was that a trial court's discretion included the right to allow another trial if justice had miscarried on account of the oversight of counsel; as indeed, has been decided in some States. [Greene v. Farlow, 138 Mass. 146; Brock v. Railroad, 65 Ala. 79; and see on this point also, 14 Ency. Pl. & Pr., pp. 732 et seq.] But an examination of the decisions of the appellate courts of this State has yielded the conclusion that the opposite rule prevails here; at least on facts like those before us. The Missouri cases cited supra declare as strongly as those of other jurisdictions in favor of large power in the trial court to grant new trials; yet the opinions consistently condemn such an exercise of discretion on the exact facts presented by this appeal—that is, condemn the allowance of another trial because of a mistake or oversight of counsel for the

defeated party. In most of the cases the relief asked had been refused by the lower court, and the question on appeal was whether the ruling should be upheld, but the tone of the opinions would deny power to a trial court to grant a new trial for the negligent mistake or inadvertence of a party or his counsel, though the party thereby had been cast in heavy damages. [Field v. Matson, 8 Mo. 686; Kerby v. Chadwell, 10 Mo. 392; Austin v. Nelson, 11 Mo. 192; Webster v. McMahan, 13 Mo. 410; Jacob v. McLean, 24 Mo. 40; Ridgeley v. Steamboat, 27 Mo. 442; Gehrke v. Jod, 59 Mo. 522; Beibinger v. Taylor, 64 Mo. 63; Fretwell v. Laffoon, 77 Mo. 26; State v. Dreher, 137 Mo. 11, 38 S. W. 567; Tittman v. Thornton, 107 Mo. 500, 510, 17 S. W. 979; Meyer v. Construction Co., 2 Mo. App. 599; Bowman v. Field, 9 Mo. App. 576; Miller v. Miller, 13 Mo. App. 591; State v. Jones, 12 Mo. App. 93; Smith v. Wheeler, 27 Mo. App. 16; and see Hayne, New Trials, secs. 92, 351.] In most of those opinions the broad denials of discretionary power to set aside a verdict for mistake due to carelessness, were dicta, because uttered in cases where the question was whether discretion had been abused in refusing the relief; but that being conceded, it remains that no support for a discretion in the trial court which would justify the ruling in the case at bar, can be found in any decision of this jurisdiction. To show the spirit of our adjudications dealing with the subject, we will quote a few excerpts. In State v. Jones, it was said:

"It would be difficult to state with too much emphasis how the stern severity of the courts has generally compelled parties to stand by the consequence of negligent omission, blundering, or improper management by their attorneys in legal proceedings. This severity is generally justified by the most important considerations of public policy, as well as by the plain demands of justice, as between the parties to the cause. In civil cases the rule is broadly laid down that 'neither the ignorance,

blunders, nor misapprehension of counsel, not occasioned by the adverse party, is a ground for vacating a judgment or decree.' " [12 Mo. App. loc. cit. 94.]

In Gerhke v. Jod, the Supreme Court thus stated the law:

"It has been frequently decided in this court that the omission of the attorney spoken to in the cause to plead, or make the proper defence, cannot place the application to set aside the judgment by default upon more favorable grounds, than if the omission had been on the part of the defendant himself. The attorney is the agent of the party employing him, and in the court stands in his stead, and any act of the attorney must necessarily be considered as the act of the client. A different principle would lead to endless confusion and difficulty in the administration of justice." [59 Mo. loc. cit. 522.]

In a case of extreme hardship wherein a man's life was at stake, this court ventured to reverse the trial court for refusing a new trial when from gross incompetence, the defendant's counsel had failed to present his defense to the jury. The point was raised in the Supreme Court in a similar case and the ruling of this court was criticised as unwarranted by any precedent and as bad law; and, besides, the court said:

"We are not to be understood as consenting that even if there had been negligence or want of skill it would have afforded any ground for reversal. The neglect of an attorney is the neglect of his client in respect to the court and his adversary. The decisions are too numerous to cite; but their uniform tenor is to the effect that neither ignorance, blunders nor misapprehension of counsel not occasioned by his adversary, is ground for setting aside a judgment or awarding a new trial. The rule is founded upon the wisest public policy. To permit clients to seek relief against their adversaries upon the alleged negligence or blunders of their own

attorneys would open the door to collusions and would lead to endless confusion in the administration of justice. The business of the courts can not be conducted on any other terms than that parties must be held by the acts of their attorneys in their behalf in causes in which they are authorized to appear, and in the absence of fraud, leaving the client to his remedy against the attorney for his negligence." [137 Mo. loc. cit. 23.]

The question in hand has been determined in two instances, at least, where the lower courts had granted new trials and the rulings were reversed. In Fretwell v. Laffoon, supra, this was done, though the hardship of the verdict appealed strongly for relief. Laffoon was garnished as debtor of Daniel Hibler against whom judgment had been given. In answering the interrogatories propounded to him as garnishee, he or his counsel negligently stated he had executed certain notes to Daniel Hibler, and on this answer judgment went against him. In truth the notes had been executed not to Daniel Hibler, but to Samuel Hibler. Hence Laffoon owed Daniel Hibler nothing, and on this ground a new trial was granted by the lower court; the Supreme Court held erroneously. The opinion says inter alia, in defining what is meant in the statutes by mistake as ground for a new trial:

"A party who by mistake of his attorney pleads a plea which does not cover his defense, or correctly present his case, cannot, after judgment against him on his own admissions, set the verdict aside, and obtain leave to amend his plea. McNeish v. Stewart, 7 Cow. 474. And there are no more favors to be shown in this regard to a garnishee than to any one else. He stands upon the same footing, and must pay the same penalty for his negligence, inadvertence or forgetfulness as any other defendant whatsoever." [77 Mo. loc. cit. 32, 33.]

The Supreme Court considered the scope of a trial court's discretion to grant new trials and the effect of

the discretion on the case under review. It approved and adopted the views expressed by the Supreme Court of New York in People v. Superior Court, 5 Wend. 114, wherein the extent of the discretion of courts of first instance to grant new trials was considered at length, and the result declared that the discretion did not exist when settled and well-defined principles stood in the way of allowing a second trial; and that those principles were:

"That a party is bound and presumed to know the general leading points which will be litigated in his case; that if he omits to procure evidence, which with ordinary diligence he might have procured, in relation to those points, upon the first trial, his motion for a new trial for the purpose of introducing such testimony shall be denied; if the newly-discovered evidence consists merely of additional facts and circumstances going to establish the same points which were principally controverted before, or of additional witnesses to the same facts and circumstances, such evidence is cumulative, and a new trial shall not be granted." [5 Wend. loc. cit. 127.]

The point determined was that negligent failure to procure and introduce important evidence was no ground for a new trial; and so the courts of this State have always held. [Mayor v. Burns, 114 Mo. 426.] If carelessly omitting to procure essential evidence in advance is no cause to set aside a judgment, omitting to introduce it when it is at hand is less cause. And Fretwell v. Laffoon decided a negligent oversight of a party or counsel at the trial, is no good ground to disturb the judgment. In Smith, etc., Co. v. Wheeler, a new trial had been allowed, the opinion says, because the plaintiff's attorney and agent was mistaken and surprised and because one of the witnesses made a mistake in his testimony. The plaintiff's attorney in a replevin case, had negligently relied on a statement of the opposing counsel, and had failed to procure essential testimony

to prove the property replevied was the same as that described in the mortgage on which plaintiff relied for right of possession. It appeared no fraud had been practiced and the order for a new trial was reversed. Those authorities are directly in point. In the present case respondents' commission depended on the price appellant received for the timber. This being true, proof of the price was obviously necessary to a substantial recovery and must have been carelessly omitted. We wish to go no further than we must under controlling authorities, toward circumscribing the right of trial courts to allow new trials; and therefore leave at large the question of whether instances of neglect or mistake of counsel might not occur to justify setting aside the verdict. Appellant lives in a distant State and would be put to expense and trouble in attending another trial, and might be prejudiced in his rights if he did not attend. His defense goes to the merits, for he denies respondents induced the sale. He was in nowise to blame for respondents' failure to make out a case at the first trial, and we cannot say the hardship which will be visited on them is so onerous that the hardship of requiring appellant to come to court again or submit to a trial in his absence, ought to be overlooked. In other words, the circumstances of the present case do not present an equity of peculiar strength in favor of respondents.

The judgment is reversed and the cause remanded with a direction to the court to set aside the order for new trial and enter judgment for respondent in accordance with the verdict. All concur.