ANDREW JACKSON, Appellant, v. CHARLES CHESTNUT, Respondent.

Kansas City Court of Appeals, November 7, 1910.

1. EQUITY: Accident: Judgment. An accident preventing defense, unmixed with any fault or negligence of a party litigant, will sustain a bill in equity for relief against a judgment by default made final by the adjournment of the term.

2. ACCIDENT: Definition. Accident is an unforseen and unexpected event occurring external to the party affected by it and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wish, he loses some legal right, or becomes subjected to some legal liability, and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain.

3. EQUITY: Accident: Judgment. C brought an action against J, an unlettered man, and when the summons was served upon the latter, in May, 1909, his son was sick and required his daily attention. The son soon died and thereafter and before judgment in the action J employed an attorney, who informed him that the case could not be tried until the following Fall. But judgment was rendered by default within a few days after this. J informed his attorney, who said he would have it set aside and filed a motion for that purpose. He gave it no further attention and the motion was dismissed for want of prosecution and court adjourned for the term. At the time J employed the attorney the latter was afflicted with paresis and was incapitated for business, though this did not appear to the casual observer. Shortly afterwards the attorney died, and J, learning the judgment was standing against him, brought an action in equity to set it aside and to open the case for trial. It was held the bill should be sustained.

Appeal from Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED (*with directions*).

*Mytton & Parkinson* for appellant.

(1)  The proper procedure by defendant to obtain relief against a judgment rendered against him after the adjournment of the term at which the judgment is rendered is by resort to equity: Curtis v. Bell, 131 Mo. App. 245; Cross v. Gould, 131 Mo. App. 585; Dearborn v. Gann & Atkinson, 126 Mo. App. 638. (2) It is the established rule and law in Missouri that a court of equity has power to grant relief against a judgment after the adjournment of the term at which it is rendered where the defendant in the judgment has suffered the judgment to be obtained against him by reason of accident, mistake, hardship or fraud.  Cabanne v. Macadaras, 91 Mo. App. 70; Welch v. Mastin, 98 Mo. App. 273.  (3)  While it is the settled law of Missouri that the negligence of the attorney is the negligence of his client as determined in the 9 Mo. App. 576; 11 Mo. App. 595; 46 Mo. 194; 84 Mo. 225; 148 Mo. 49.  Yet the sickness of an attorney or client and consequent failure to perform duties relative to the case are not negligence, but accident, for which equity will grant relief.  Am. and Eng. Ency. Law (2 Ed.), 835; Flannigan v. Patterson, 78 Ind. 514; Benedict v. Spendiff, 9 Mont. 85; DePriest v. Patterson, 85 N. C. 376. (4) It is not a necessary precedent to the granting of relief againt a judgment that the court should find the plaintiff guilty of any fraud if the judgment is the result of an accident, mistake or hardship through no fault of the plaintiff.  Radznweit v. Watkins, 53 Neb. 412; Handley v. Jackson, 31 Ore. 552; Herbert v. Herbert, 49 N. J. Eq. 70; Taylor v. Fore, 42 Tex. 256; Day v. Wellis, 31 Conn. 344; Webster v.

Skipworth, 26 Miss. 341. (5) A misunderstanding between a client and his counsel in equity is a sufficient ground for opening and vacating a judgment. 17 Am. and Eng. Ency. Law (2 Ed.) 834, and cases cited.

*Boor & Williams* and *Vinton Pike* for respondent.

Authorities cited by appellant abundantly sustain the rule that the party applying for the relief sought here must be freed from negligence, and must have used diligence and vigilance. After being warned by his own friendly witness nearly a month before the term closed he neglected to take any steps to open the judgment. These cases illustrate the application of the rule. Alford v. Moore's Adm., 15 W. Va. 697; Shields v. McClung, 6 W. Va. 79; Barber v. Rukeyser, 39 Wis. 590; Fannin v. Thomason, 54 Ga. 361; Grubb v. Kolb, 55 Ga. 630; Robinson v. Wheeler, 51 N. H. 384; Rich. Eng. Co. v. Robinson, 24 Gratt. 548.

ELLISON, J.—This proceeding is in equity and was instituted by plaintiff to set aside a judgment by default, made final, rendered against him in the Andrew county circuit court, for the sum of six thousand and fifty-three dollars. The judgment in the trial court was for the defendant.

It appears that plaintiff herein is a farmer, slightly acquainted with affairs of business, and that he can neither read nor write. That he and defendant each owned farms in Andrew county and each had stock and farm implements thereon. That they went into partnership in the farming business, this plaintiff being in personal charge thereof. It will not be necessary to set out in detail the terms of the partnership. After a time, on the 15th of April, 1909, defendant brought his action against plaintiff to dissolve the partnership and stating that on an accounting there was and would be found to be due to him from this plaintiff a large

sum of money. Summons in this action was served on this plaintiff and notified him to be and appear on the fourth Monday of May, 1909, to answer said action. At this time plaintiff's young son was very sick at a hospital in St. Joseph, Missouri, a city in an adjoining county to that of plaintiff's residence, and required plaintiff's care and attention. He, however, took the summons and copy of the petition which had been served upon him, to his lawyer in St. Joseph, Mr. Watkins, a reputable lawyer of that city at that time, who assumed charge of the case. The extreme sickness of plaintiff's son continued and he was watched over by plaintiff night and day until the 14th of May, when he died. After his funeral plaintiff went to Watkins' office on May 27th, to inquire about his case and the defense thereto, when Watkins informed him it would not be tried until the fall term. At the time of this inquiry court was in session in Andrew county and two days thereafter, on the 29th of May, defendant obtained the judgment by default against plaintiff for six thousand and fifty-three dollars, as already stated. That term of the Andrew county circuit court did not end in May, but on account of other business the court adjourned over to the month of July, in which month the term was finally adjourned. Plaintiff and Watkins learned that the judgment had been rendered and on the 2d day of July Watkins filed a motion to set aside the judgment, which motion it seems was prepared by a young lady in his office. Watkins assured plaintiff the motion would be looked after by him, but he failed to do so and on the 15th of July it was dismissed by the court for want of prosecution. Shortly thereafter plaintiff's present attorneys brought the present action as stated at the outset.

The conduct of Watkins, and plaintiff's disappointment in his service, was accounted for by the evidence in this way. Though he had been an active man and reputable lawyer, at the time of his employment

by plaintiff he was afflicted with paresis and while for a long time prior to this he gave no outward sign of his ailment and could, at certain times, talk of his business without showing his weakness, yet he gradually grew worse and during the time that plaintiff was expecting him to look after the defense he was incapacitated for business, and finally, in the next month after the motion to set aside the judgment was dismissed for the want of prosecution, he died.

There is no pretense of any fraud or unfair means taken by defendant's attorneys in procuring the judgment, or of prejudice on part of the court in rendering it. The attorneys were in, and the court was held in, another county from that of Watkins' residence, and his condition was not known, and they and the court doubtless supposed the motion to set aside the judgment had been abandoned. But notwithstanding the attorneys were free from all fault, the fact remains that plaintiff, by a combination of two distressing accidents, has been deprived of a defense which he alleges he can make to the action, and has been cut off from that defense by the judgment becoming final at the close of the term at which it was rendered. Plaintiff's deplorable situation in the sickness and death of his son, together with the misfortune of engaging a lawyer with a hidden malady incapacitating him from attending to his business, surely can rightfully be called an unfortunate accident beyond his power to prevent, and he ought not to suffer on account of it.

That an accident, preventing defense, unmixed with any fault or negligence of a party litigant, will sustain a bill in equity for relief against a judgment by default and which has become final by an adjournment of the term, is well established. [Herbert v. Herbert, 49 N. J. Eq. 70; Taylor v. Fore, 42 Tex. 256; Radzuweit v. Watkins, 53 Neb. 412; Handley v. Jackson, 31 Ore. 552; Day v. Welles, 31 Conn. 344; Webster v. Shipwith, 26 Miss. 341.]

In the second of the foregoing cases, the following is quoted with approval: "When a defendant at law, through accident or mistake, and without default in the proper degree of watchfulness and care required of careful men in their own cases of equal importance, fails to present his defense fully, courts of equity will, in their discretion grant relief."

In the last case cited, the following from 2 Story's Eq. Jur., section 885, is approved: "In all cases when by accident, mistake or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make the court an instrument of injustice, and it is, therefore, against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage."

And the same in substance is stated by Chief Justice MARSHALL in Marine Ins. Co. v. Hodgson, 7 Cranch 332.

And in the first case cited, the following definition of an accident, as given by Pomeroy's Eq. Jur., section 823, is adopted:

"Accident is an unforseen and unexpected event occurring external to the party affected by it and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wish, he loses some legal right, or becomes subjected to some legal liability, and other person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain."

We are satisfied that plaintiff has presented a case entitling him to relief within the rules of law and equity we have stated. We will therefore reverse the judgment and remand the cause with directions that the judgment of this defendant so rendered against this plaintiff be set aside and annulled and that the case in which such judgment was rendered be set down for

trial at some future time, as may suit the trial court, whereof the parties shall be duly notified. The other judges concur.