(89 Misc. Rep. 461)

### KUGELMAN et al. v. KATZ et al.

(Supreme Court, Appellate Term, First Department. March 23, 1915.)

1. JUDGMENT ⬥138—REFUSAL OF ATTORNEY TO TRY CASE—DEFAULT—OPENING—GROUNDS.

Where an attorney refuses to proceed before a judge having the right to hear a case, he has had his day in court, and cannot thereafter claim another opportunity to present his case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. ⬥138.] .

2. ATTORNEY AND CLIENT ⬥92—AUTHORITY OF ATTORNEY—REFUSAL TO TRY CASE.

While a client is represented by his attorney, the refusal of such attorney to try a case before a judge having the right to hear it is as binding upon the client as any other act of the attorney at the trial.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 171–173; Dec. Dig. ⬥92.]

3. JUDGMENT ⬥143—DEFAULT—REFUSAL OF ATTORNEY TO TRY CASE—EFFECT.

Where the examination of a witness gave rise to a heated discussion between the court and defendant's counsel, and to avoid any prejudice

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the defendant from his remarks the court declared a mistrial and impaneled another jury, and where the attorney stated that his encounter with the court had left him in no condition to do justice to his client's case, and, upon refusal of a continuance, asked if he might withdraw from the case, when the judge replied that trial or an inquest would be had, and the attorney stated that he withdrew, and left the room, judgment being entered for the plaintiffs, since the attorney's act in withdrawing terminated the relation of attorney and client between them for the purpose of the trial, and since this occurred before trial, the client was in default only by reason of his representative's refusal to proceed, was deprived of his day in court, and such defendant's motion to set aside the judgment by default should have been granted, if the offending attorney was actually out of the case.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. ☞143.]

Appeal from City Court of New York, Special Term.

Action by Julius G. Kugelman and Charles Frankland against Harry Katz and Joseph Katz. From an order denying defendants' motion to open their default and set aside judgment entered for plaintiffs upon an inquest, defendants appeal. Reversed, on conditions.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Samuel S. Breslin, of New York City, for appellants.
Samuel J. Rawak, of New York City, for respondents.

LEHMAN, J. [1, 2] It appears that on January 14th this case was marked ready for trial in part III of the court and was sent from there to a vacant part for trial. The trial then proceeded, and one of the defendants was examined on behalf of the plaintiffs. During the examination a somewhat heated discussion occurred between the court and defendants' counsel. As a result of that discussion, and apparently in order to avoid any possible prejudice to the defendants from the remarks of the court to the defendants' counsel, the court very properly declared a mistrial. Thereafter the defendants' counsel asked to have the case sent back to the calendar in part III, but the judge ordered the trial to proceed before him. In order, however, to safeguard the defendants' rights completely, the trial justice sent to other parts of the court for an entirely new jury. Defendants' counsel then stated:

"Before I examine the jury, I have a preliminary motion to make. I am frank to say that what transpired in court has practically taken all the strength out of me. I believe I can't do justice to my clients. I can't do justice to my clients in trying the case. My clients will be punished on my account, and I feel I can't go on trial before your honor at this time."

The trial justice overruled this objection, and the attorney then asked: "May I withdraw from the case at this time?" The trial justice responded that a trial or an inquest would be had. Thereupon the attorney stated, "I respectfully withdraw," and left the room. The court stated to plaintiffs' counsel, "You may take an inquest," and, after he had presented his evidence, directed a judgment in plaintiffs' favor. The defendants then moved to open their default, and now appeal from the denial of their motion.

Upon their motion in the court below, and upon this appeal, the defendants contend that counsel had a right to refuse to go on with the case, because, by reason of the discussion before the court directed a mistrial, he had come to believe that his clients' rights would be prejudiced by the attitude of the trial judge. If the defendants' claim to a new trial depended upon the validity of this conclusion, I should unhesitatingly vote to affirm the order of the court below. Attorneys have a duty to their clients to vigilantly protect their rights, but no attorney and no litigant has a right to choose the judge before whom he is willing to litigate his cause. The law guarantees to each litigant a fair trial. Every remark of a trial judge in a jury trial, if excepted to, must, under the law, be recorded; and if by reason of such remark there is fair ground for the belief that the litigant's rights have been prejudiced, either the trial court or the appellate court will set aside the judgment.

In this case, although the trial justice had himself called the original trial a mistrial in order to prevent the possibility of prejudice arising from his remarks to counsel in the presence of the jury, yet counsel presumed to refuse to proceed before the same justice and a new jury upon the alleged ground that he feared that his clients' rights, and even his own rights, might be severely prejudiced. The attorney is an officer of the court, and as such has a duty to perform at a trial hardly less important or dignified than the duty of the presiding judge. He does not, however, perform these duties or protect his dignity as an officer of the court when he refuses, for any reason, to proceed in a case properly brought before a judge of the court empowered by law to preside at the trial. Only by taking part in the trial and protecting his clients' rights by proper motions and exceptions can the attorney perform his duties and aid in the fair and orderly administration of justice, and the law provides full and complete means by which a fair administration of justice can always be obtained. The personal dignity of the judge is not involved in the refusal of an attorney to appear before him, but the dignity of the court demands that every case be tried by the judge before whom it is brought. The attorney himself is bound to vindicate the dignity of the law and of the courts established to administer the law by insisting upon his rights in an orderly and proper manner, and should the trial court not, in his opinion, afford him a fair opportunity to present his case before the jury, by presenting to the appellate tribunal for review a record of the proceedings.

It follows that, where an attorney refuses to proceed before a judge having the right to hear a case, he has been afforded his day in court, and cannot, therefore, claim that he should be afforded another opportunity to present his case. So long as the client is represented by the attorney, his refusal to proceed is binding upon his client in exactly the same manner as any other act of the attorney at the trial. Sutter v. City of New York, 106 App. Div. 129, 94 N. Y. Supp. 515.

[3] There is no doubt, however, that the relationship of attorney and client may be terminated at any time by either party. When, therefore, before the trial begins, the attorney insists upon withdrawing from the case, the client is left without a representative to present his case.

When that occurs, the acts of the attorney are not performed under the authority vested in him by virtue of his relationship to his client, but are acts performed in repudiation of that authority and relationship. It follows that in such a case the client is in default, not because he refuses through his representative to proceed, but because his representative refuses to proceed for him, and in that manner the client has been deprived of his day in court. In the case before us the attorney did actually state that he wished to withdraw from the case, and, even though that withdrawal may be regarded as founded upon improper grounds, it left the defendants without an attorney who could present their case at the trial. The default thus suffered is a default which the court has power in its discretion to open in a proper case and upon proper terms; but a new trial should be granted only where the attorney is actually out of the case, and upon the substitution of another attorney.

The order denying the motion to open the default is therefore reversed, without costs, and the motion is granted, provided that the defendants within ten days secure an order of substitution and pay to plaintiffs the sum of $30 costs and any disbursements incurred on the appeal; the plaintiffs to be permitted to retain the moneys heretofore paid as security for any judgment that they may obtain; otherwise, order is affirmed, with $10 costs. All concur.