JENNIE BOECKMANN, RESPONDENT, v. BESSIE SMITH, THOMAS QUINN, SHERIFF OF THE CITY OF ST. LOUIS, JOHN T. MURPHY and AR-THUR KREISMAN, APPELLANTS.—189 S. W. (2d) 449.

St. Louis Court of Appeals.   Opinion filed September 18, 1945.

*Arthur Kreisman* and *John T. Murphy* for appellant.

*Joseph Boxerman* for respondent.

ANDERSON, J.—This is a suit in equity brought by Jennie Boeckmann to set aside a default judgment entered against her in an action at law brought by appellant Bessie Smith, and to obtain an injunction to restrain the sale of certain real estate under an execution issued on said judgment. The parties defendant in this case are: Bessie Smith, plaintiff in the law action; her attorneys in that action, John T. Murphy and Arthur Kreisman; and Thomas Quinn, Sheriff of the City of St. Louis. From a judgment granting the relief prayed in the equity suit, said defendants appealed to this court.

The law action, in which Bessie Smith obtained the judgment, originally was filed in a justice of the peace court, where respondent, Jennie Boeckmann, was represented by Harry Jones, a lawyer then practicing at the Bar in the city of St. Louis. The judgment was

rendered in respondent's favor on May 24, 1935, and Bessie Smith took an appeal to the circuit court. Thereafter, Bessie Smith's counsel served Harry Jones with a notice of appeal, as required by the statute, but Harry Jones failed to notify respondent of that fact, and failed to inform her that an appeal had been taken. A few days after receiving the notice of appeal, Harry Jones quit the practice of law in the city of St. Louis, and took up residence elsewhere. He at no time informed respondent of that fact, or of the fact that an appeal in her case had been taken, and respondent's first knowledge that the appeal had been taken was on June 4, 1940, when she received a letter from the lawyer representing Bessie Smith, advising her that a judgment had been rendered against her in the circuit court for the amount prayed for in said cause. The judgment was entered on April 4, 1940, at the April Term, 1940, which said term had expired when respondent received the above-mentioned letter. After receiving the letter, respondent went to look for Mr. Jones, and for the first time discovered that he no longer was in the practice and that he had left the city. She then employed Mr. Kaveney to represent her. On August 27, 1940, Mr. Kaveney filed a motion in the case to set aside the judgment, which motion was denied. Thereafter an execution was issued on said judgment, and real estate belonging to respondent was levied upon and advertised for sale on May 13, 1941. Respondent then instituted this action. The trial court entered its decree setting aside said judgment, and making permanent a temporary injunction theretofore issued enjoining defendants from advertising for sale and from selling the real estate levied upon. In due course defendants appealed.

The first point which appellants make is that there are not sufficient facts alleged in the petition or shown in evidence to invoke the aid of a court of equity. To this we cannot agree. It is well settled that where a defendant in an action at law has a good defense on the merits, which he, through no negligence on his part, is prevented by accident from setting up, and judgment is rendered against him, that equity will grant relief by enjoining further proceedings to enforce a judgment, or by setting it aside so that a trial may be had on the merits. [Cherry v. Wertheim (Mo. App.), 25 S. W. (2d) 118; Jackson v. Chestnut, 151 Mo. App. 275, 131 S. W. 747; 3 Pomeroy's Equity Jurisprudence (5 Ed.), sec. 836.]

In the latter work the author states the rule in the following language:

"Sec. 836, 4. Judgments at law—Accident is also one of the grounds for the exercise of the most important jurisdiction with respect to actions and judgments at law. Where the defendant in an action at law has a good defense on the merits, which he is prevented by accident from setting up or making available without any negligence or inattention on his part, and a judgment is recovered against him,

equity will exercise its jurisdiction on his behalf by enjoining further proceedings to enforce the judgment, or by setting it aside so that a new trial can be had on the merits. In many states, especially in those which have adopted the reformed procedure, this particular relief is usually obtained by means of a motion for new trial, and the necessary occasions for a resort to equity have been lessened; the equitable jurisdiction, however, has not been abrogated even in those states, and it is constantly invoked in other commonwealths.''

Under the statutes of other States, which give to courts of law power to set aside judgments taken by default on the grounds of accident, mistake, inadvertance, or excusable neglect, it is quite generally held that relief under such a statute should be given to one whose attorney has abandoned his case without the client's knowledge or consent. [114 A. L. R. 279.] We have no such statute in this State, but our courts of law nevertheless give relief in such a case if they have not lost jurisdiction by lapse of time. In Lewis v. Van Hooser, 206 Mo. App. 618, 227 S. W. 618, it was held that the trial court erred in not setting aside a judgment where the defendant's attorney without notice to defendant abandoned the case and turned over the papers in the case to another attorney, who refused to act in his stead, with the result that a judgment by default was rendered. If this sort of relief is obtainable at law, we see no reason why, where the demands of justice require it, a court of equity should not grant relief in a case, such as the case at bar, where no relief at law can be had. Equity suffers no wrong of sufficient gravity to be appreciated by the conscience of the chancellor to go without a remedy where the application for relief is made seasonably and with clean hands. We believe that when Harry Jones abandoned respondent's case that respondent suffered an accident as that term is defined by Judge BENNICK in Cherry v. Wertheim, *supra*, and that equity should afford the relief sought by her in the case at bar.

It is next urged that respondent failed to make a case because the negligence of her attorney is chargeable to her.

While it is true that the law ordinarily regards the negligence of the attorney as the client's own negligence, such rule cannot be applied in the case at bar, because the act which led to respondent's injury was not performed by Harry Jones under the authority vested in him by virtue of his relationship to his client, but was performed in repudiation of that relationship. Respondent was not in default because of any negligent act of her attorney while handling her case, but was in default because her attorney Harry Jones breached his trust. Such action cannot be imputed to the client so as to deprive her of the relief sought in this action. [Kugelman v. Katz, 89 Misc. Rep. 461, 152 N. Y. S. 365; Grayson et al. v. Stith (Okla.), 72 P. (2d) 820, 114 A. L. R. 276.]

Nor do we think that respondent herself was negligent in failing to investigate the status of the case after the trial in the justice court. She had employed an attorney whose duty it was to advise her of such matters, and she had no reason to believe that he would fail in his duties.

The judgment appealed from is affirmed. *Hughes, P. J.,* and *McCullen, J.,* concur.