**Cecil M. HAMM, Plaintiff-Respondent,**

**v.**

**Donald M. HAMM, Defendant-Appellant.**

**No. 8846.**

Springfield Court of Appeals.

Missouri.

Feb. 7, 1969.

John R. Miller, Lamar, for defendant-appellant.

Gordon R. Boyer, Lamar, for plaintiff-respondent.

TITUS, Judge.

In a court-tried case conducted in the absence of defendant Donald M. Hamm (Donald) and after his attorney, John R. Miller (Miller), had withdrawn, the Circuit Court of Barton County entered a $1,250 judgment against Donald on Count III of plaintiff's first amended petition. Donald appeals "from the judgment entered against him in this action on the 5th day of April, 1968, and from the court's order entered July 9, 1968, overruling said defendant's Motion for New Trial."

Plaintiff's original petition named as defendants his son Donald, his former wife, Helen M. Robinson (Helen), and Helen's then husband, Carl B. Robinson (Carl). The three defendants were represented by attorney Miller. Plaintiff asseverated that he and Helen had conveyed two lots (Lots 6 and 7) to Donald and that Donald, in violation of his written agreement to reconvey the lots upon request, had wrongfully transferred them to Carl. In Count I plaintiff asked the court to cancel Donald's deed to Carl and require Donald to deed the lots to plaintiff and Helen as tenants in common, or, if Donald refused, to decree plaintiff and Helen to be the owners of Lots 6 and 7. Count II sought partition of eight lots (including Lots 6 and 7) owned by plaintiff and Helen. Except as to Lots 6 and 7, defendants' answer admitted Count II; as to Count I, defendants asserted that the conveyance

from plaintiff and Helen to Donald was a bona fide transaction for value free of any valid agreement to reconvey, and that Carl was the rightful owner of Lots 6 and 7. Thereafter, on August 5, 1967, plaintiff's first amended petition was filed in identical language as the original pleading save for the addition of Count III, wherein plaintiff asked a $1,250 judgment against Donald (representing one-half the alleged value of Lots 6 and 7) in the event he was unsuccessful with Count I. Miller, as attorney of record for defendants, was served with a copy of the amended petition and answered for his clients. None of the defendants was personally served with a copy of the amended pleading.

The trial setting for December 14, 1967, was continued by the court. Although notified of the January 8, 1968 trial date, Donald did not appear, and the case was continued at Miller's request. Neither Donald nor Helen appeared April 5, 1968, when the case was tried. Before any evidence was received on the issues, Miller, by leave of court, was permitted to withdraw as counsel for both Donald and Helen after the trial judge first heard Carl's testimony regarding the request. Carl related that in January 1968 Miller wrote him the case would be tried April 5, 1968, and there was a notation on the letter indicating a copy had been sent to Donald. On the day before trial (April 4, 1968) Carl witnessed Miller's efforts to locate Donald by telephone before he succeeded in contacting him at a Kansas City hotel. In the lawyer's conversation with Donald, Miller was told by Donald to withdraw as his attorney and that Donald would not attend the trial.

At the close of the evidence judgment was entered against plaintiff on Count I, partition (except as to Lots 6 and 7) was ordered as prayed in Count II, and plaintiff had judgment against Donald on Count III in the sum of $1,250. Having been informed of the judgment, and within fif-

teen days of its entry or on April 18, 1968, Donald, "by and through John R. Miller, attorney," filed his motion for a new trial "as to the matters set forth in Count III of plaintiff's petition," declaring: Donald "was under the mistaken belief that plaintiff was making no claim for money damages" when he instructed Miller to withdraw as his attorney; Donald had "a meritorious defense" to Count III, and upon retrial could show Lots 6 and 7 were not conveyed to him subject to any enforceable agreement to reconvey because plaintiff had induced him to execute the purported contract without consideration "a considerable time subsequent to the execution and delivery of said deed"; plaintiff's interest in the lots would not exceed $400, and had Donald known plaintiff was seeking a money judgment he "would have been present for trial * * * and would have presented the above just and meritorious defenses." Donald was present when the motion was argued, and it was agreed his testimony on the motion would be the same as its allegations. Miller's file "did not affirmatively show" Donald was apprised of the contents of the amended petition prior to judgment. The notice of appeal, supra, was filed when the motion for new trial was overruled.

The "Points Relied On" in Donald's brief are abstractions which do little honor to Rule 83.05(a) (3) and (e)[1] witness: "I. The After Trial Motion of Appellant, Although Designated Motion for New Trial, Was in the Nature of a Motion to Have Judgment Set Aside. II. The Trial Court Erred in Overruling Appellant's Motion to Set Aside the Judgment Entered Against Him, There Being No Showing of Any Intentional Neglect and Appellant's Answer, If True, Showing a Complete Defense, and Opportunity for Trial of Issues Could Be Afforded Without Injuring Respondent." Three cases are cited to these points.

1. Reference to rules and statutes is to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and RSMo 1959, V.A.M.S.

We are initially puzzled at Donald's insistence his motion be tagged a "Motion to Have Judgment Set Aside" in lieu of a "Motion for New Trial," and the argument in his brief does not allay our wonderment as to why he opines a motion for a new trial would not be as adequate for his intended purposes as a motion with a different label. Robinson v. Clements, Mo. App., 409 S.W.2d 215, is cited by Donald to justify rechristening, but that case involved a motion to set aside a default judgment filed more than thirty days following judgment entry, after the trial court lost control to grant the requested relief of its own motion under Rule 75.01, and subsequent to the time it could have been considered a motion for new trial under Rule 78.02. The term "default judgment" is frequently employed loosely (e. g., Goodwin v. Kochititsky, Mo.App., 3 S.W.2d 1051, cited by Donald) to describe a judgment entered against an answering defendant who simply fails to appear at trial by counsel or in person. However, a defendant who appears to a writ of summons and files an answer is not in default nihil dicit, and a judgment entered against a defendant by a court upon consideration of evidence proffered under pleadings filed by plaintiff and defendant is a judgment on the merits and not, strictly speaking, a default judgment although defendant's lawyer withdraws and defendant does not appear for trial. Kollmeyer v. Willis, Mo.App., 408 S.W.2d 370, 376 (and cases there cited in footnote 5); State ex rel. Jones v. Reagan, Mo.App., 382 S.W.2d 426, 430(5); Armstrong v. Elrick, 177 Mo.App. 640, 644–645, 160 S.W. 1019, 1020–1021 (cited by Donald); 49 C.J.S. Judgments § 187, pp. 324–326. Consequently, we are not concerned with a default judgment nor with a motion which could not have been considered in the original suit by the trial court under Rules 75.01 or 78.01.

A Chinese proverb admonishes that "The beginning of wisdom is to call things by their right names," but our courts, in a display of preference for the Bard of Avon,[2] often observe a pleading is to be judged, not by its appellation, but by its subject matter [Thomas v. Sterling Finance Co., Mo.App., 180 S.W.2d 788, 790(2)], as for example, J. R. Watkins Company v. Hubbard, Mo.App., 343 S.W.2d 189, where defendant's motion to set aside a default judgment, though filed nine days after judgment, was not ruled on until seven months later. The appeal was entertained and the motion was accepted as having conceived an original action in equity to set aside a default judgment which, it was said, might be instituted either in a separate suit or by a motion filed in the case itself.

While we are uncertain as to what particular type of motion Donald intends his to be, we are acquainted with several varieties of motions to set aside judgments which his is not.[3] Donald's concluding entreaty is that we set aside the judgment on Count III so the case may "be set for trial on the merits." But as we perceive the matter, there was, in fact, a trial on

---

2. "What's in a name? That which we call a rose by any other name would smell as sweet."

3. As the case was court-tried, it is not a motion to set aside a judgment contemplated by Rule 72.02 and § 510.290. Likewise, it is not a motion to set aside a judgment under Rules 74.30 and 74.32, and §§ 511.250 and 511.260, for there is no complaint of any irregularity as to the established form and mode of procedure for the ordinary administration of justice patent on the record; neither is it in the nature of a writ of error coram nobis designed to alert the court so some unknown fact, not going to the merits of the cause, but relating to the jurisdiction of the court to proceed and attain a valid result in the proceeding. Edson v. Fahy, Mo., 330 S.W.2d 854, 858(1, 2). Also, the motion is not one for review under Rule 73.01, as the judgment could not be properly altered sans an opportunity for the trial court to hear and consider additional evidence upon a retrial of the cause. For obvious reasons it is not a motion to set aside provided in Rules 74.045 and 74.05, nor a motion in the nature of a petition for review under Rule 74.12.

the merits, and what Donald actually seeks is a new trial to afford him the opportunity to prove defenses he should have presented at the first hearing.

■ Equity will relieve against a judgment for extrinsic fraud, accident and mistake (Robinson v. Clements, supra, 409 S.W.2d at 221), and where a defendant is denied the occasion to present a meritorious defense by reason of accident, mistake, inadvertence, mischance or unavoidable circumstances *unmixed with neglect or inattention,*[4] a court of equity will vacate a default judgment and give the injured party an opportunity to present his defense to the trier of the facts. Patterson v. Fitzgibbon Discount Corporation, Mo.App., 339 S.W.2d 301, 306(4). However, when the trial court is timely confronted with such matters, "this particular relief is usually obtained by means of a motion for a new trial." 2 Pomeroy's Equity Jurisprudence, 4th Ed., § 836, p. 1701. New trials are granted for surprise, accident, mistake and inadvertence upon somewhat the same considerations which prevail in direct equity actions to avoid judgments. 66 C.J.S. New Trial §§ 78–100, pp. 259–290. Rule 78.01 specifically provides, "A new trial may be granted for any of the reasons for which new trials have heretofore been granted. The court may award a new trial of any issue upon good cause shown and in any case where there has been * * * mistake or surprise of a party or his attorney * * * [and the court] is also satisfied that an improper * * * finding was occasioned by any such matters, and that the party has a just * * * defense * * *." Therefore, it appearing the relief which Donald seeks may, in proper circumstances, be secured regardless of the color of the banner under which he marches, we pother the name problem no further.

Donald's absence from the trial was deliberate and did not result from inadvertence, misfortune or an act vis major; neither was it occasioned in any manner by his co-defendants, the plaintiff or plaintiff's lawyer. He does not claim fraud or that the trial was tainted by perjury, and he is in no position to contend the judgment resulted from repudiation by Miller of the attorney-client relationship [Boeckmann v. Smith, 238 Mo.App. 855, 859, 189 S.W.2d 449, 450–451(4)], for it was Donald who divorced his lawyer and directed him to withdraw as counsel on his behalf. Donald's position, it seems, is that although he was fully aware of plaintiff's demands in Count I and was completely armed with meritorious proof to defeat that claim (which would also overcome plaintiff on Count III), he should be allotted another trial to array the defense not asserted at the first trial because, through accident or mistake, he lacked knowledge of plaintiff's claim for money damages and was surprised when the same were awarded.

■ "Surprise," as used in relation to the granting of a new trial or in applying for equitable relief against judgments, refers to "such unforeseen events, misfortunes, losses, acts or omissions, *as are not the result of any negligence or misconduct in the party*" [Fretwell v. Laffoon, 77 Mo. 26, 27(1)] or "an unforeseen disappointment in some reasonable expectation *against which ordinary prudence would not have afforded protection*" [Peers v. Davis' Adm'rs, 29 Mo. 184, 190(4)]. "Accident" has been defined as "an unforeseen occurrence affecting a person injuriously, and *not due to his own negligence*" (Cherry v. Wertheim, Mo.App., 25 S.W.2d 118, 121), while "mistake" is said to be "an erroneous mental condition, conception, or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but *without negligence,* and resulting in some act or omission done or suffered erroneously by one or both the parties to a transaction, but without its erroneous character being intended or known at the time." 2 Pomeroy's Equity Jurisprudence, § 839, p. 1708.

4. All emphasis herein is ours.

 The cases intone with wearisome uniformity that trial judges have broad discretion to grant new trials to accomplish justice and their discretionary orders will not be set aside unless abuse of discretion clearly appears. Stewart v. Manor Baking Company, Mo.App., 397 S.W.2d 722, 726(5). On the other hand, the discretion to grant new trials and set aside judgments does not extend to instances where settled principles stand in the way [Buehler v. Baum, Mo.App., 71 S.W.2d 851, 854(4)], and we are of the opinion the trial court would have abused its discretion had it sustained Donald's motion. Relief was not available to Donald unless the averred surprise, accident or mistake occurred free of his negligence and could not have been averted through the exercise of ordinary prudence. To afford Donald the full abundance of our charity, we will assume he was totally ignorant of the existence of Count III in plaintiff's first amended petition, but this does not mean we consider his lack of knowledge was due to innocent ignorance, id est, ignorance which possessed him through no fault of his own. Plaintiff's amended pleading containing Count III was filed eight months before the case was actually tried. During this period the matter was twice set for trial, and at least on one such occasion Donald did not appear although notified. He had ample time to learn the exact nature of the issues to be litigated and apparently made no inquiry of this at the time he conversed with Miller the day before trial. Donald's conduct evidenced not only indifference to the action itself but indifference to the cause of justice as well, for he avows he had a meritorious defense to plaintiff's claim yet would suffer injustice to be done provided his purse was not invaded in the process. "[A] party is bound and presumed to know the general leading points which will be litigated in his case [and] if he omits to procure evidence, which with ordinary diligence he might have procured, in relation to those points, upon the first trial, his motion for a new trial for the purpose of introducing such testimony shall be denied." Parker v. Britton, 133 Mo.App. 270, 278, 113 S.W. 259, 261.

 If Donald's ignorance of the existence of Count III be laid to the oversight or neglect of his counsel, he still cannot prevail because the negligence of an attorney is the negligence of the client [In Interest of R——, Mo.App., 362 S.W.2d 642, 644(5)], and "neither ignorance, blunders, negligence, nor misapprehension of counsel, not occasioned by the adverse party is ground for vacating a judgment." Culp v. Culp, Mo.App., 216 S.W.2d 551, 553(3).

The judgment is affirmed.

HOGAN, P. J., STONE, J., and HAYES, Special Judge, concur.