E'Thelbert **RUCKER**,
**Plaintiff-Respondent,**

v.

Brownlee **THROWER**,
**Defendant-Appellant.**

No. 37352–53–54.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 9, 1977.

Motion for Rehearing and/or Transfer Denied Sept. 12, 1977.

Application to Transfer Denied Oct. 11, 1977.

Paskal, Edwards, Olian & Hadican, J. Martin Hadican, Clayton, for defendant-appellant.

Joseph S. McDuffie, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Brownlee Thrower, defendant, appeals from the action of the trial court denying his motions to quash executions in three cases. The three appeals have been consolidated in this court.

The underlying judgments were entered in 1973 as a result of defendant's default. The petitions in each case alleged conversion. Defendant, through an attorney, filed a motion to dismiss as to each. These motions were denied. No answers were filed. After plaintiff had obtained the default judgments, defendant, through the same attorney, timely filed motions to set the default judgments aside. These motions were denied by the trial court and timely appeals were taken to this court, again by the same attorney. These appeals were dismissed by this court for failure to perfect them under the rules.

Defendant now seeks to predicate error upon the trial court's refusal to quash execution because (1) the record on its face shows a defective return of service and (2) the default judgments should be set aside because defendant was abandoned by his attorney.

A motion to quash execution constitutes a collateral attack upon the underlying judgment. It lies only if the record on its face establishes that the judgment is void. *Vincel v. Vincel*, 439 S.W.2d 227 (Mo. App.1969) [4, 5]. If the return of service was defective, such defect was waived by defendant's motion to dismiss on non-jurisdictional grounds and his motion to set aside the default judgments, again on non-jurisdictional grounds. *Whitledge v. Anderson Air Activities*, 276 S.W.2d 114 (Mo. 1955) [2].

Defendant's claim of abandonment by his attorney does not appear from the face of the record. Furthermore, the claimed failures of the attorney do not fit within the "abandonment" cases such as *Boeckmann v. Smith*, 238 Mo.App. 855, 189 S.W.2d 449 (1945); *Parks v. Coyne*, 156 Mo.App. 379, 137 S.W. 335 (1911); and *Whitledge v. Anderson Air Activities, supra.* First of all, those cases arose either on motions to set aside the default judgment before it became final or on a separate suit

**42**

in equity to set aside the judgment. They did not arise on a motion to quash execution. Secondly, the activities of defendant's lawyer here do not establish "abandonment" by the attorney as was found in those cases. Rather, the charged misconduct of defendant's attorney here was negligence in failing to properly handle the litigation and in neglecting to mail the answers which counsel had prepared. Such negligence is imputable to defendant. *Fulton v. I. T. & T. Corp.*, 528 S.W.2d 466 (Mo.App.1975); *Whitledge v. Anderson Air Activities, supra.* [4].

The actions of the trial court are affirmed.

CLEMENS, P. J., and DOWD, J., concur.