**In re the Marriage of Dawn M. GROSS, Petitioner-Appellant,**

v.

**Robert G. GROSS, Respondent.**

**No. 52679.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 8, 1987.

Richard Gregory Byrd, Clayton, for petitioner-appellant.

Darrill Samuel Beebe, St. Charles, for respondent.

GARY M. GAERTNER, Presiding Judge.

This is an appeal from the Circuit Court of St. Charles County denying appellant's motion to modify divorce decree and denying appellant's motion for a new trial or amended judgment or to allow additional testimony.

A decree of dissolution was entered on November 25, 1985, which provided that the appellant have primary custody of the child and respondent have temporary custody on alternate weekends, alternate holidays, two weeks during the summer, and each weekday from 9:00 a.m. to 3:00 p.m. Both moved to modify, requesting a change in the temporary custody privileges. Both motions were denied and the trial court entered an order restraining both parties from disturbing each other for six months.

Appellant first argues that the trial court erred in overruling appellant's motion because evidence indicated that it would serve the best interest of the child to modify the decree by reducing respondent's visitation rights. Our scope of review of the evidence before us is limited. We will sustain the trial court's finding unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Both parties had an opportunity to present testimony regarding the best interest of the child. The trial court is vested with great deference to judge the credibility of the witnesses. *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304, 305–306 (Mo.App., E.D.1976).

■ Review of the record reveals that both parties want the love and affection of their child. It is unfortunate that each party has attempted to alienate the other from the child by belittling and degrading the other in front of the child. The trial court found the problems were between the parties and not the child and has attempted to remedy the situation by restraining each other from disturbing and harassing the other for six months. It is obvious that both parties want as much custody as possible and the trial court has found both

parents fit custodians. In such a case, the child's best interests are usually served by association with both parents. *In re Marriage of Bradford*, 557 S.W.2d 720, 725 (Mo.App., S.D.1977). The court did not find sufficient evidence to justify a change in the decree. This point is denied.

 In appellant's second point, she contends the trial court erred in denying appellant's motion to present the evidence of witness Doug Strauss, a psychologist who had examined the child. Appellant alleges that the absence of the witness was a result of circumstances beyond the control of appellant and that Doug Strauss could have provided expert testimony regarding the best interest of the child. At the close of trial, appellant's motion to hold the order open to allow time for a deposition of Doug Strauss was denied. The trial court is vested with broad discretion in determining admissibility of expert testimony. The court's ruling should not be set aside absent abuse of that discretion. *Gant v. Hanks*, 614 S.W.2d 740, 744 (Mo.App., E.D. 1981). Appellant had ample opportunity to have the witness testify or to offer witness' deposition. The trial court did not abuse its discretion in denying appellant's motion to hold open the order to allow time for a deposition that could have been taken prior to this time. This point is denied.

Finally, appellant argues that the trial court erred in denying her motion to present additional evidence at a new trial. The additional evidence appellant wished to be heard at a new trial was the testimony of Doug Strauss. Appellant had ample opportunity to introduce this testimony at trial. The fact that appellant failed to proffer testimony in a timely fashion at trial does not require the granting of a new trial for the admission of that evidence. The trial court has broad discretion in granting a new trial as to matters affecting determination of fact. *In re Marriage of J.H.M.*, 544 S.W.2d 582, 587–88 (Mo.App., E.D. 1976).

We fail to see how the events causing appellant's failure to present the testimony at the time of trial constituted a type of surprise that would constitute grounds for a new trial. *Hamm v. Hamm*, 437 S.W.2d 449, 453 (Mo.App., S.D.1969). There is no evidence on the record before us to indicate that sole reason testimony was not proffered prior to the close of trial was due to an alleged "surprise" breach of agreement between parties' counsel. The testimony consisted of evidence available at the time of trial. *In re Marriage of J.H.M.*, 544 S.W.2d 582, 587 (Mo.App., E.D.1976). Granting of a new trial would have been improper. This point is denied.

The judgment is affirmed.

STEPHAN and SIMON, JJ., concur.