570 F.Supp. 299 (1983)
DANIEL CONSTRUCTION COMPANY, a DIVISION OF DANIEL INTERNATIONAL CORPORATION, Plaintiff,
v.
INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 513, Defendant.
No. 83-109C(C).
United States District Court, E.D. Missouri, E.D.
August 4, 1983.
*300 Robert T. Thompson, Jr., Greenville, S.C., John C. Shepherd, St. Louis, Mo., for plaintiff.
J.E. Souders, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon the parties' cross-motions for summary judgment and upon plaintiff's motion for attorneys' fees. For the reasons set forth below, defendant's motion for summary judgment will be granted and plaintiff's motion will be denied. Plaintiff's motion for attorney's fees will also be denied.
Plaintiff Daniel Construction Company ("Daniel") has filed this action against defendant International Union of Operating Engineers ("union") seeking a judgment vacating a portion of an arbitrator's award. This Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.
The facts relevant to the pending motions are as follows. Daniel is the general contractor at Union Electric Company's Callaway County Nuclear Power Plant project. The project is governed by a collective bargaining agreement ("project agreement") between Daniel and various unions (including defendant union) which represent employees at the project. On October 13 and 14, 1981, approximately 100 members of defendant union walked out from the project.
*301 The project agreement provides that the employees cannot strike or "engage in any picketing, sit-downs, slow-downs, stand-ins, wobbles or other refusals to work" and that the union cannot permit, encourage or condone such activity. Project agreement, Article IV. That article also provides that:
[n]o provisions in any existing or future local working agreement shall be deemed to limit or restrict the Employer's right to fully pursue any and all remedies available under law in the event of a violation of this Article. Project agreement, Article IV, Sec. 4.
The project agreement further provides for various grievance and arbitration procedures in the event any dispute arises out of the interpretation or application of the project agreement. In the event the dispute is not settled by the grievance procedures, the agreement mandates that the dispute shall be resolved by arbitration. Moreover, the agreement provides that:
[t]he decision by the arbitrator shall be final and binding upon all parties to this Agreement; provided, however, that the arbitrator shall not have the authority to alter or amend the provisions of this Agreement in any way. Project agreement, Article VII, Sec. 3.
Pursuant to the above-mentioned provisions, Daniel commenced grievance proceedings against the union with respect to the operating engineers' walk-out. The proceedings culminated in arbitration before Arbitrator Gerald L. Cohen. A two-day hearing was held and both parties submitted briefs. Among the issues submitted to Cohen were the following: Is this an arbitrable dispute; did the operating engineers strike or otherwise refuse to work in violation of Article IV of the project agreement; did the union violate the project agreement by permitting, encouraging or condoning the strike; does the arbitrator have the authority to issue damages to Daniel and if so, what items of damage is Daniel entitled to; and finally, can the union assert a defense to damages under the collateral source rule.
On December 29, 1982, Cohen issued his decision with respect to the dispute. Cohen concluded that the dispute is arbitrable, that the operating engineers did violate the project agreement by walking out and that the union permitted, encouraged or condoned the walkout, at least with respect to the second and third shift walkouts on October 13, 1981. However, the arbitrator concluded that Daniel was not entitled to any damage award. Specifically, the arbitrator held that some of the items of named damage were too speculative and therefore unacceptable evidence of damage. Cohen stated, however, that Daniel's loss calculations "could, save for other considerations, have been corrected to arrive at a realistic loss."
The parties dispute the nature of those "other considerations". The Court finds, however, that the considerations which led the arbitrator to deny damages are clearly stated in the arbitrator's decision. The arbitrator denied damages to Daniel on the ground that Daniel suffered no loss because it received reimbursement from Union Electric, the site owner. Specifically, Daniel's contract with Union Electric is a cost-plus-a-fixed-fee contract. Under the terms of that contract, Union Electric reimburses Daniel for its costs expended in the project. The arbitrator concluded that because Daniel had been reimbursed for any losses it suffered from the walk-out, the company had not proven that it had been damaged as a result of the union's breach of contract. In so holding, the arbitrator rejected Daniel's "collateral source doctrine" argument that money received by the company should not be considered to the benefit of a wrongdoer.
Plaintiff has filed the instant cause of action seeking to vacate that portion of the arbitration award which denied it damages. Both parties have filed cross-motions for summary judgment. The Court finds that there are no contested issues of material fact and that it is therefore appropriate to dispense with the merits of this case upon the parties' respective motions.
*302 The standard of review with respect to arbitration awards is narrow. This Court cannot reexamine the merits of the parties' contract claims but must uphold the award so long as the award "draws its essence" from the collective bargaining agreement. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596-97, 80 S.Ct. 1358, 1360-1361, 4 L.Ed.2d 1424 (1960). In other words, an arbitration award will be vacated only if the arbitrator clearly exceeded his authority under the terms of the contract or exceeded the scope of the issues presented to him for decision. Moreover, in resolving questions pertaining to the arbitrator's authority, this Court must broadly construe the agreement and resolve all doubts in favor of the arbitrator's authority. Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union, AFL-CIO, 706 F.2d 228 (8th Cir.1983).
In its motion for summary judgment, plaintiff argues that the arbitrator exceeded his authority under the collective bargaining agreement in considering the separate contract entered into between Daniel and Union Electric. In particular, plaintiff argues that under the terms of the project agreement the arbitrator was limited to determining if Daniel had proven liability and loss from the walk-out. Plaintiff contends that once the arbitrator determined that the union was liable, he should have limited himself to calculating the damage caused by the union. Plaintiff concludes that the arbitrator exceeded his authority in considering the Daniel-Union Electric contract because that contract is unrelated to the collective bargaining agreement at issue.
The Court finds this argument unpersuasive. After the arbitrator determined that the union had violated the project agreement, he was required to determine the damages, if any, suffered by Daniel. A damage calculation necessarily requires an examination of circumstances outside the collective bargaining agreement  the project agreement itself will not supply the requisite figures reflecting a party's loss under the agreement in the event of breach. Extraneous financial arrangements which Daniel made with Union Electric to compensate it for its losses are certainly relevant in determining Daniel's losses. Because the arbitrator determined that Daniel had been fully compensated for its loss, he quite properly found that Daniel had not proven any breach of contract damage.
Daniel argues alternatively that even if the arbitrator was within his authority to consider the Union Electric contract, he should have considered the entire contract rather than just portions of it. Daniel contends that other provisions in the contract would reflect that Daniel would not receive a windfall but, rather, would be obligated to reimburse Union Electric for any recovery it might obtain. The fact that Daniel would not receive a windfall is irrelevant to the issue presented to the arbitrator for decision  did Daniel sustain any damage? Therefore, this Court finds that the arbitrator was not required to consider the entire Union Electric contract but only those portions of the contract relevant to the damages sustained by Daniel.[1]
Plaintiff also argues that the arbitration decision does not draw its essence from the collective bargaining agreement because it ignores the basic intent of the agreement. Plaintiff contends that the clear intent of the no strike/no lock out provision of the project agreement is to insure labor peace and that to achieve that end the parties agreed to binding arbitration as a method of settling disputes. Daniel argues that the decision, in effect, eliminates the no-strike clause from the project *303 agreement because it deprives Daniel of the possibility of recovering any damages for breach thereof. Daniel concludes that the decision, therefore, violates the project agreement because it effectively "alters or amends" the terms of that agreement.
It may be true that the decision limits Daniel's ability to enforce the no-strike provisions of the project agreement. However, that fact does not render the decision invalid. The award "draws its essence" from the project agreement because the award has its source in the agreement and does not contravene any express terms of the project agreement. Cf. Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562, 565 (8th Cir.1964) (arbitrator's decision vacated because he entered a judgment which was "expressly prohibited" by the collective bargaining agreement).[2] Moreover, it is not true that the arbitrator eliminated the no-strike provision from the project agreement. If Union Electric had refused to reimburse Daniel for its costs then Daniel would have suffered compensable damages. In the current posture of this case, however, Union Electric is the injured party, not Daniel. Neither the arbitrator or this Court can rewrite contract law to compensate an aggrieved party who has not proven injury.
Plaintiff's final argument is that the award should be vacated because the arbitrator's application of the collateral source rule is in manifest disregard of the law. This contention is without merit. The collateral source rule provides that money which an injured party receives from a collateral source should not be considered to the benefit of a wrongdoer. This doctrine was clearly set forth in Mason-Rust Joint Venture v. Laborers International Union, Local 42, 435 F.2d 939 (8th Cir.1970) and is not applicable to the instant case. In Mason-Rust the Eighth Circuit made it clear that the doctrine is an exception to the general rule that damages in tort should be compensatory only. See also Overton v. United States, 619 F.2d 1299, 1306 (8th Cir. 1980). The doctrine simply is not applicable to breach of contract cases and the arbitrator so found.
In sum, the arbitrator properly decided the issues presented to him for decision by the parties. In so doing, the arbitrator construed the project agreement and properly considered the parties' legal remedies. The award "draws its essence" from the project agreement and is, therefore, valid. Defendant's motion for summary judgment will therefore be granted and plaintiff's motion will be denied.
Plaintiff has also requested attorney's fees and expenses incurred in obtaining an order compelling defendant to further answer plaintiff's interrogatories. The Court declines to award fees and expenses to plaintiff on the ground that defendant's objections were not without some merit.
NOTES
[1] Plaintiff does not contend that other portions of the Union Electric contract bear on the damages it suffered, i.e., that Daniel was required under the contract to repay Union Electric or that it was not in fact reimbursed by Union Electric. Those issues would bear directly on the damage issue and failure to address them might constitute such a material mistake of fact as to render the award invalid (assuming that plaintiff had not waived the right to assert same by failing to introduce that evidence during the hearing). See, e.g., Local 1139 v. Litton Systems, Inc., 704 F.2d 393 (8th Cir.1983).
[2] Plaintiff also argues that the decision contravened the project agreement in that it deprived plaintiff of its contractual right to pursue "any and all remedies available under law". This argument is without merit. Plaintiff pursued its remedies under law and was denied damages in accordance with legal principles governing contract law.