**D.K. SELTSAM, Plaintiff/Respondent,**

v.

**Jerome S. STEIN, Defendant/Appellant.**

No. 70402.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Irl B. Baris, St. Louis, for defendant/appellant.

Joseph R. Soroghan, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

This case involves the confirmation of an arbitration award. Defendant broker appeals. We do not reach the point broker raises because his challenge to the arbitration award is untimely. We affirm.

### I. Background

On April 19, 1989, plaintiff client signed what is obviously a preprinted form. The form indicates it is a contractual agreement for the purchase and sale of securities, including puts and calls.

Paragraph 24 of this contractual agreement is titled Arbitration and Litigation of Disputes. It provides that controversies "shall be submitted to and be settled by arbitration."

A dispute arose and the parties presented the matter to arbitrators in January and February 1992. On May 7, 1992, the arbitrators found broker liable for $256,095.79 damages and for $81,605.75 attorney fees, and entered the award in client's favor. In June 1992, client sought federal court confirmation of the award. On July 17, 1992, the district court confirmed the award. However, in October 1995, the court, *sua sponte*, vacated the award and dismissed for lack of jurisdiction.

Client then filed this action and broker filed a motion to dismiss. In his motion, he claimed the trial court lacked jurisdiction because the contractual agreement did not include a statutorily required notice. Section 435.460.* The trial court overruled the motion, confirmed the award, and entered judgment. Broker then appealed.

## II. Lack of Timely Motion to Vacate

In broker's only point, he basically restates his motion to dismiss. He alleges the trial court lacked jurisdiction due to the failure of the contract to contain the notice of arbitration Missouri requires to be in ten point capital letters. The form contract does not contain that notice.

The arbitrators' award indicates that at the arbitration hearing, broker appeared pro se. Moreover, the award also reflects that broker did not file an answer to the Statement of Claim or seek any affirmative relief. However, he appeared at the first three days of hearing, testified, and was cross examined.

■ Broker did not object before the arbitrators that an alleged irregularity existed. Rather, he participated in the proceedings and took the chance that he might receive a favorable result. Even if we assume Missouri's notice was required, broker waived its absence. *See Pope Const. Co. v. State Highway Comm'n*, 230 Mo.App. 502, 92 S.W.2d 974, 980 (1936); *Missouri Mining, Inc. v. St. Joseph Light & Power Co.*, 703 S.W.2d 94, 95 (Mo.App. W.D.1985).

In addition, section 435.405 requires an application to be filed within ninety days after the arbitrators deliver a copy of the award. Here, the award was made May 7,

1992 and served on the parties the next day. Thus, under section 435.405, broker had ninety days to file his motion.

■ The record does not disclose that broker ever filed a motion to vacate. Failure to move to vacate the arbitration award within ninety days bars broker from thereafter doing so. *See Local 2, Int'l Bhd. of Elec. Workers, AFL–CIO v. Anderson Underground Constr. Inc.*, 907 F.2d 74, 76 (8th Cir.1990). Broker's delay of more than three years effectively bars him from attempting to vacate the award. *See* section 435.405.2.

The trial court's confirmation of the arbitration award and judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.

---

* All statutory references are to RSMo 1994.