The FREEMAN CONTRACTING COMPANY, INC., Plaintiff/Respondent,

v.

WILLIAMSBURG VILLAGE CONDOMINIUM ASSOCIATION, Defendant/Appellant.

No. ED 87347.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 21, 2006.

Richard A. Gartner, St. Peters, MO, for respondent.

John J. Allan, Allan Law Group, LLC, St. Louis, MO, for appellant.

Before ROY L. RICHTER, P.J., KATHIANNE KNAUP CRANE, J., and SHERRI B. SULLIVAN, J.

### MEMORANDUM DECISION

PER CURIAM.

Defendant, Williamsburg Village Condominium Association, a condominium association, appeals from the judgment of the Circuit Court of St. Louis County, confirming an arbitration award in favor of plaintiff, the Freeman Contracting Company, Inc., and denying defendant's petition to vacate. It first asserts that the trial court committed plain error when it confirmed the arbitration award because the contract did not contain sufficient notice of the arbitration requirement, the arbitration clause was misleading, and the arbitrator was partial because the contract required use of the arbitration service owned by the arbitrator or his family member. Defendant concedes that it did not raise these issues in the arbitration proceeding or in the trial court. Defendant's failure to raise these irregularities in the arbitration proceeding, all of which involve matters on the face of the arbitration agreement, precludes our review. *Edward D. Jones & Co. v. Schwartz*, 969 S.W.2d 788, 797 (Mo. App.1998); *Seltsam v. Stein*, 950 S.W.2d 556, 557 (Mo.App.1997). We have reviewed the briefs and the record and find no basis to accord the plain error review defendant requests.

Defendant next challenges the confirmation of the arbitration award on the basis that the arbitrator exceeded his authority by awarding damages that were not based on the proper measure of damages. Although a court may review the question of whether the arbitrator exceeded his authority, that power is not pertinent in a

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

case such as this when defendant's real complaint is that the arbitrator incorrectly resolved damages. *Sheffield Assembly of God Church v. American Ins.*, 870 S.W.2d 926, 930 (Mo.App.1994). "The party challenging an arbitration award is not entitled to have a reconsideration of the merits of the dispute." *Id.*

For all of the above reasons, no error of law appears. A written opinion reciting the detailed facts and restating the principles of law would have no precedential value.

We affirm the judgment pursuant to Rule 84.16(b).